MARY COVINGTON v. ANTHONY S. ARRINGTON.

1. WRIT OF ERROR: ALLOWABLE TO REVISE JUDGMENT ON WRIT OF HABEAS CORPUS IN CIVIL CASES.—That a writ of error will lie to the judgment of a circuit judge, rendered in vacation on the trial of a writ of *habeas corpus* for the recovery of the possession of slaves, has been settled by this court, and it being merely a question of practice, is not now open for revision. See *Steele* v. *Shirley*, 13 S. & M. 196.

2. BILLS OF EXCEPTIONS.—Where a writ of error lies to a judgment of an inferior tribunal, the power necessarily exists in it to incorporate the evidence on which the judgment is based in the record; and in proceedings at common law, a bill of exceptions is the proper mode in which this shall be done.

3. The statute, Hutch. Dig. 1002, § 19, providing for the issuance of a writ of *habeas corpus*, for the recovery of slaves in certain cases, gives that remedy only to "the owner, master, or overseer" of a slave taken from his possession "by force, stratagem, or fraud, and unlawfully detained in the possession of another;" and hence, if upon a trial of the writ it appeared that the defendant is the owner, and lawfully entitled to possession of the slave, restitution to the custody of the casual possessor will not be ordered, although he was dispossessed by the force or stratagem of the owner.

THE case was this. In 1847, Mary Covington, the defendant below, inherited from her father, John Crosby, a slave named Viney, and held her as her separate estate under the Act of 1846. In 1851, the husband of said Mary sold the slave, without her consent, to one John Johnson, and delivered possession; Johnson sold to one Crane, who sold to the petitioner, who held possession and claimed title. In March 1856, soon after the death of the defendant's husband, the slave quit the possession of Arrington and went to the residence of the defendant, who retained the possession, and

refused to deliver her up on the demand of the petitioner; thereupon Arrington sued out a writ of *habeas corpus* for the recovery of the slave, to which the defendant answered, setting up the above state of facts, which was sustained by the proof. The cause was tried in vacation before the Hon. John Watts, circuit judge, who gave judgment of restitution to the petitioner; the defendant took a bill of exceptions embodying the evidence, and sued out this writ of error.

*George L. Potter*, for plaintiff in error.

*C. A. Smith* and *Yerger* and *Anderson*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This was a petition to a circuit judge for a writ of *habeas corpus* for the recovery of possession of a slave, of which the petitioner alleged he was the owner, and that the slave was taken out of his possession by force, stratagem or fraud, and was unlawfully detained by the plaintiff in error, the respondent. The answer denied the allegations of the petition, and claimed that the respondent was the rightful owner of the slave, and had possession as a distributee of the estate of one Sorsby.

Upon the hearing, the judge ordered the slave to be delivered to the petitioner; and the evidence on which the order was made being stated and certified by the judge, the respondent brings the case here by writ of error.

A motion was made in behalf of the defendant in error to dismiss the writ of error, on the ground that no such writ lies to the judgment of a circuit judge, of this character, in vacation. This question has been heretofore considered in this court, and it is settled that a writ of error may issue in cases of this kind. The question being one merely of practice is, therefore, not an open one. *Steele* v. *Shirley*, 13 S. & M. 196.

It is next objected, that the bill of exceptions certified by the judge cannot be noticed here, because such a proceeding is not authorized in such cases.

Whenever a writ of error lies to a judgment of an inferior tri-

VOL. III.—10

Covington *v.* Arrington.

bunal, the power must necessarily exist there to incorporate the . evidence upon which the judgment is based into the record. In proceedings at common law, it is done by bill of exceptions, signed and sealed by the court or judge, which is the medium through which the appellate court must know the evidence upon which the judgment was rendered. The right to a writ of error carries with it the right to have the evidence certified by the judge, in virtue of his general and incidental powers ; for, otherwise, the writ of error, so far as it concerned the correctness of the judgment upon the evidence, would be nugatory. This objection is, therefore, untenable.

It appears not to be contended, that the evidence shows that the petitioner was the owner of the slave, or entitled to the possession. On the contrary, the evidence very clearly shows, that the slave was the property of the plaintiff in error, and that she was entitled to the possession when the writ was issued. But it is contended that the question of ownership is not involved in the inquiry ; and if the slave was taken by the plaintiff in error from the possession of the defendant by force, stratagem or fraud, a re-delivery should have been awarded, notwithstanding the defendant was not the owner of the slave.

The statute authorizing proceedings of this sort, gives no countenance whatever to this view. It gives the remedy to the "*master, owner or overseer*" of the slave, "taken out of his possession by force, stratagem or fraud." No one but a party owning, or entitled to the lawful right of possession of the slave at the time, is entitled to the writ; and *it is absurd to suppose, that it was* intended to allow one who came casually to possession of a slave, with no right of possession, to recover possession from the rightful owner or person entitled to the possession, who may have obtained possession of his property even by force or stratagem. It is not sufficient to give the remedy, that a party has the mere possession, unless he have also the right of possession.

The judgment is reversed, and the slave awarded to the possession of the plaintiff in error.